IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | § | |
| as Broadcast Licensee of the | § | |
| December 13, 2003, | § | |
| Hopkins/Joppy Event, | § | |
| | § | |
|       Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-06-3953 |
| v. | § | |
| | § | |
| CONSUELO CASAS TREVINO, | § | |
| Individually and | § | |
| d/b/a CASABLANCA, | § | |
| | § | |
|       Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is Plaintiff's Motion to Vacate Order of Dismissal and to Reinstate Dismissed Case Against Defendant or Alternatively, Motion for New Trial (Docket Entry No. 9). For the reasons stated below, plaintiff's motion will be denied.

On April 26, 2007, this court entered an order of dismissal and final judgment for plaintiff's failure to comply with Fed. R. Civ. P. 4(m) (Docket Entry No. 6). On June 29, 2007, plaintiff, Kingvision Pay-Per-View, Ltd., filed the instant motion, alleging that defendant was personally served on May 2, 2007. Federal Rule of Civil Procedure 59 provides that a party may file "any motion to alter or amend a judgment . . . no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Similarly, motions for

new trials "shall be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(b).

Plaintiff has provided no explanation for the tardiness of its motion; nor has plaintiff cited the applicable law governing the motion.  "The requirement that post-trial motions be filed within the relevant ten day period after entry of judgment is jurisdictional, and may not be extended by a waiver of the parties or by a rule of the district court.  The mover's failure to serve the motion within the ten day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment." United States Leather v. H&W Partnership, 60 F.3d 222, 225 (5th Cir. 1995).  See also Flores v. Procunier, F.2d 338, 339 (5th Cir. 1984), cert. denied, 105 S. Ct. 1851 (1985).  Accordingly, Plaintiff's Motion to Vacate Order of Dismissal and to Reinstate Dismissed Case Against Defendant or Alternatively, Motion for New Trial (Docket Entry No. 9) is **DENIED.**

**SIGNED** at Houston, Texas, on this the 12th day of July, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE